NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

K AND K PROMOTIONS, INC.,

Plaintiff-Appellant,

v.

WALT DISNEY STUDIOS MOTION
PICTURES; et al.,

Defendants-Appellees.

No.    21-16740

D.C. No.
2:20-cv-01753-JCM-NJK

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted August 10, 2022
San Francisco, California

Before:  RAWLINSON, BADE, and BRESS, Circuit Judges.

K&K Promotions, Inc. ("K&K") appeals the district court's dismissal of its

trademark action under the Lanham Act and Nevada state law.  K&K alleges that

Disney infringed K&K's intellectual property and publicity rights associated with

Evel Knievel by creating the character Duke Caboom for the movie *Toy Story 4* and

using the character to sell toy merchandise.  We review the district court's order

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

granting Disney's motion to dismiss de novo, *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022), and its denial of leave to amend a complaint for abuse of discretion, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court properly dismissed K&K's Lanham Act claims. When, as here, the challenged product is an "expressive work," we apply the test set forth in *Rogers v. Grimaldi*, 875 F.2d 994, 1000 (2d Cir. 1989), to accommodate First Amendment concerns and determine whether the Lanham Act applies. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1239 (9th Cir. 2013). Under the *Rogers* test, we "apply the [Lanham] Act . . . only if the defendant's use of the mark (1) is not artistically relevant to the work or (2) explicitly misleads consumers as to the source or the content of the work." *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018); *see also Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196–97 (9th Cir. 2017) (holding that the *Rogers* protections extend to promotional materials related to an expressive work, including consumer products).

Duke Caboom clearly has artistic relevance. *See Brown*, 724 F.3d at 1245 ("even the slightest artistic relevance" is enough under *Rogers*). And K&K did not allege sufficient facts that would show the character was explicitly misleading as to its source. The "explicitly misleading" test imposes a "high bar that requires the use to be an explicit indication, overt claim, or explicit misstatement about the source of

2

the work." *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 462 (9th Cir. 2020) (quotations omitted). In evaluating whether the use of a mark is explicitly misleading, we consider "(1) the degree to which the junior user uses the mark in the same way as the senior user and (2) the extent to which the junior user has added his or her own expressive content to the work beyond the mark itself." *Id.* (quoting *Gordon*, 909 F.3d at 270).

Neither consideration is met here. Unlike Evel Knievel, Duke Caboom is a fictional character in an animated film about toys that come to life.[1] Disney has also added significant expressive content to the mark to make it different from Evel Knievel. In particular, Disney created a character with a different name, appearance, and backstory than Evel Knievel. Disney did not suggest that Evel Knievel was involved in *Toy Story 4*, nor was Evel Knievel mentioned in the film. *See also Gordon*, 909 F.3d at 271 (noting that use of a mark is less likely to be explicitly misleading when "the mark served as only one component of the larger expressive work"). For these reasons, K&K did not state a plausible claim that survives the *Rogers* test.[2] And K&K's argument that Lanham Act claims cannot be decided on

---

[1] We may consider *Toy Story 4* as part of the complaint itself through the incorporation by reference doctrine. *See Brown*, 724 F.3d at 1248 n.7.

[2] K&K's Lanham Act claim for trademark dilution fails under the noncommercial use exception. *See* 15 U.S.C. § 1125(c)(3)(C); *see also Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007) (holding that the court may "affirm

motions to dismiss is contrary to precedent. *See, e.g.*, *Brown*, 724 F.3d at 1247–48.

2. The transformative use defense bars K&K's claim that Disney violated K&K's right to publicity under Nevada law. Nev. Rev. Stat. § 597.790. K&K does not dispute that a right to publicity claim under Nevada law is subject to this defense. To determine if a use is transformative, courts consider various factors that balance the defendant's First Amendment rights with the plaintiff's claimed right of publicity. *See Keller v. Elec. Arts Inc. (In re NCAA Student-Athlete Name & Likeness Licensing Litig.)*, 724 F.3d 1268, 1274 (9th Cir. 2013).

These factors favor Disney. The Duke Caboom action figure is "more than a mere likeness or literal depiction" of Evel Knievel. *Id.* at 1275 (quotations omitted). Even if the character may be generically reminiscent of Knievel to some extent, the district court properly concluded that it is "not a literal depiction," and instead shares general features basic to stuntmen. Moreover, the economic value of the toy action figure does not derive from Evel Knievel's persona. *Id.* at 1274. Instead, it reflects the success of Disney's *Toy Story* franchise and its popularity among children. The other factors—which are overlapping—favor Disney for the same reasons. *Id.* at 1274–75. And contrary to K&K's argument on appeal, the transformative use

---

on any ground supported by the record"). "Speech is noncommercial 'if it does more than propose a commercial transaction' and contains some 'protected expression.'" *VIP Prods. LLC v. Jack Daniel's Props., Inc.*, 953 F.3d 1170, 1176 (9th Cir. 2020) (citation omitted) (quoting *Mattel, Inc. v. MCA Recs., Inc.*, 296 F.3d 894, 906 (9th Cir. 2002)). That is plainly the case here.

defense can be adjudicated "as a matter of law if no trier of fact could reasonably conclude that the [work is] not transformative." *Hilton v. Hallmark Cards*, 599 F.3d 894, 910 (9th Cir. 2010).

3. The district court acted within its discretion in denying K&K leave to amend. Leave to amend may be denied when a proposed amended complaint does not state a claim for relief. *Hinton v. Pac. Enters.*, 5 F.3d 391, 397 (9th Cir. 1993). The internal Disney statements that K&K points to, gained during discovery, do not cure the deficiencies in K&K's Lanham Act allegations or overcome K&K's reliance on the transformative use defense. Therefore, the district court did not abuse its discretion in denying leave to amend.

**AFFIRMED.**